UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-323

| | |
|---|---|
| LOGAN DEVELOPERS, INC., D/B/A, LOGAN HOMES, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) **ORDER** |
| HERITAGE BUILDINGS, INC., VIVEK SIKKA, ROBERT GARY, and ELIZABETH GARY, | ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court on Plaintiff Logan's Motion to Alter or Amend Judgment [DE-99] and Motion for Bill of Costs [DE-91], and on the defendants' Motion for Attorney's Fees [DE-92] and Motion for Partial Disallowance of Bill of Costs [DE-100]. For the reasons more fully stated below, the Motion to Alter or Amend Judgment [DE-99] and Motion for Attorney's Fees [DE-92] are DENIED, the Motion for Bill of Costs [DE-91] is ALLOWED IN PART and DENIED IN PART, and the Motion for Partial Disallowance of Bill of Costs [DE-100] is ALLOWED IN PART and DENIED IN PART.

### I. Motion to Alter or Amend Judgment

District courts in this circuit will consider "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Logan has not established, nor even argued, any of these grounds. Therefore, Logan's Motion to Alter or

Amend Judgment [DE-99] is hereby DENIED.

## II. Motion for Attorney's Fees

The defendants move for attorney's fees pursuant to the fee shifting provision set for in 15 U.S.C. § 1117. Under the Copyright Act, district courts have discretion to award "a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The Fourth Circuit has instructed district courts to consider the following factors in determining whether to award attorneys' fees to a party that prevails under Section 505:

(1) the motivation of the parties;
(2) the objective reasonableness of the legal and factual positions advanced;
(3) the need in particular circumstances to advance considerations of compensation and deterrence; and
(4) any other relevant factor presented.

*Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., Inc.*, 74 F.3d 488, 498 (4th Cir. 1996). The court considers each of these factors in turn.

### a. The parties' motivations

The court, having presided over all of the proceedings in this case, cannot find that Logan had any motivation for bringing this lawsuit other than to protect what it perceived as an infringement of its copyrights. While Logan did not ultimately prevail, merely bringing suit does not indicate anticompetitive purposes, maliciousness, or bad faith, even when the parties are "disproportionate in their sizes and resources." *See* Heritage's Memorandum in Support of Motion for Attorney's Fees [DE-93] at 14. This factor alone, however, is not dispositive, and so the court must analyze the remaining factors.

### b. The objective reasonableness of the legal and factual positions advanced

In considering objective reasonableness, "[t]he court may consider, for example, whether the positions advanced by the parties were frivolous, on the one hand, or well-grounded in law

2

and fact, on the other." *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 234 (4th Cir. 1993). A position is frivolous where "the issue of substantial similarity in a copyright action is not 'a close or complex question.'" *Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, No. 4:10CV129, 2014 WL 1117909, at *3 (E.D. Va. Mar. 19, 2014) (quoting *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001)). "A grant of summary judgment does not necessarily mean that the losing party's positions were objectively unreasonable." *Id.*

*Ross* is an appropriate comparison case. In *Ross*, the plaintiff lost on summary judgment where its copyright "afforded it only 'thin' protection against infringement because its design primarily consisted of unprotected individual architectural elements." *Id.* Here, Logan's designs went beyond a mere set of unprotected individual architectural elements. The court simply found that the protected elements of Logan's *Ocracoke* design differed from Heritage's *Southport* design such that Heritage had not infringed Logan's copyrights. *See* Order of June 5, 2014 [DE-85] at 15-16. As the *Ross* court noted, "copyright law regarding architecture has broadened so far as to create colorable claims for copyright infringement even between homes built in [an older, well-established style]." 2014 WL 1117909 at *3. The present case similarly involves broad copyright architecture law and a colorable claim that lost on summary judgment. The claim was objectively reasonable and was not frivolous or brought for improper purposes.

### c. The need to advance considerations of compensation and deterrence

"The Supreme Court has stated that both plaintiffs and defendants should be encouraged to litigate meritorious copyright claims and defenses because 'it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible.'" *Id.* at *5 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994)). Because Logan's claim was not frivolous, an award of attorney's fees would only serve to deter other parties with colorable architectural copyright

3

claims from seeking a judicial determination of their legal rights. Certain conflicts simply lend themselves to judicial resolution—copyright issues often constitute such a conflict.

In summary, this was not an exceptional case meriting an award of attorney's fees. It was a closely fought case involving a colorable architectural copyright claim that lost on summary judgment. For these reasons, the defendants' Motion for Attorney's Fees [DE-92] is DENIED.

### III. Motion for Bill of Costs and Motion for Partial Disallowance of Bill of Costs

The defendants seek to recover the following costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920: (a) $175.00 in fees for service of summons and subpoena, and (b) $2,247.91 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. *See* Bill of Costs [DE-91]. The defendants also initially requested $1,034.38 for fees for court-ordered mediation, but have since admitted that these fees were accidentally included in the bill of costs instead of in the now-denied Motion for Attorney's Fees [DE-92]. *See* Defendant's Response Opposing Motion for Partial Disallowance of Costs [DE-108] at 3-4. Accordingly, the defendants' request of $1,034.38 for fees for court-ordered mediation is DENIED.

The only remaining dispute is over $85.00 in copying and postage charges related to deposition transcripts. While 28 U.S.C. § 1920 allows taxing costs for the "making of copies of any materials where the copies are necessarily obtained for use in the case," the statute does not allow for "fees for postage or shipping." *See Mercer v. N.C. Dep't of Transp.*, No. 5:09-CV-379-FL, 2012 WL 3996844, at *1 (E.D.N.C. Sept. 7, 2012). Despite the defendants' contentions that costs for both making and shipping the copies should be included, those are two separate activities. Therefore, the court will ALLOW $60.00 related to making the deposition transcript

4

copies, but DENY $25.00 related to mailing the copies.[1]

The total award of costs allowed against Logan and in favor the defendants is **$2,397.91**.

IV. **Summary**

For the foregoing reasons, Logan's Motion to Alter or Amend Judgment [DE-99] and the defendants' Motion for Attorney's Fees [DE-92] are both DENIED. The defendants' Motion for Bill of Costs [DE-91] is ALLOWED IN PART and DENIED IN PART, and Logan's Motion for Partial Disallowance of Bill of Costs [DE-100] is ALLOWED IN PART and DENIED IN PART. The court awards costs against Logan and in favor of the defendants in the amount of **$2,397.91**.

SO ORDERED.

This the 24'th day of October, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[1] This court's local rules state that "normally" the costs incident to taking a deposition will include "only the reporter's fee and charge for the *original* transcript of the deposition." *See* Local Civil Rule 54.1(c)(1)(a) (emphasis added). This would normally preclude recovery of costs incurred in producing copies of deposition transcripts. However, where a copy of the deposition transcript is necessarily obtained for use in the case, those costs are allowed by 28 U.S.C. § 1920.